EXHIBIT A

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>UNITED AIRLINES, INC., and DOES 1 TO 50, INCLUSIVE<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>SANDRA PORTER, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF<br>ENGRACIA SWAYNE FIGUEROA, DECEASED; LETTICE MAHONEY; GEORGE PORTER | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>07/27/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By _____C. Clark_____ Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ALAMEDA COUNTY SUPERIOR COURT<br>1225 FALLON STREET, OAKLAND, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>22CV015090 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua S. Markowitz, Carcione, Henderson & Markowitz, LLP, 477 Ninth Avenue, Suite 101, San Mateo, CA 94402

| DATE: 07/27/2022<br>*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* C. Clark | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* United Airlines Inc.
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Joshua J.K. Henderson (State Bar No. 248366)
Joshua S. Markowitz (State Bar No. 224256)
Carcione, Henderson & Markowitz, LLP
477 Ninth Avenue, Suite 101
San Mateo, CA 94402
Tel: (650) 367-6811
Fax: (650) 367-0367
e-mail: info@chmlawfirm.com

Attorneys for Plaintiffs
SANDRA PORTER, INDIVIDUALLY AND
AS SUCCESSOR OF ENGRACIA SWAYNE FIGUEROA;
LETTICE MAHONEY; GEORGE PORTER

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/27/2022 at 10:37:21 AM
By: Cheryl Clark,
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| SANDRA PORTER, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF ENGRACIA SWAYNE FIGUEROA, DECEASED; LETTICE MAHONEY; GEORGE PORTER<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1 TO 50, INCLUSIVE,<br><br>Defendants. | Case No.: 22CV015090<br><br>COMPLAINT |

COMPLAINT

PAGE | 1

Plaintiffs SANDRA PORTER, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF ENGRACIA SWAYNE FIGUEROA, DECEASED; LETTICE MAHONEY; GEORGE PORTER, by and through their attorneys of record, Carcione, Henderson & Markowitz, LLP, make the following allegations upon information and belief:

## PARTIES AND JURISDICTION

1. Plaintiff SANDRA PORTER is a resident of Oakland, California, and the sister of Decedent Engracia Swayne Figueroa, and the Successor in Interest to Decedent Engracia Swayne Figueroa.

2. Plaintiff LETTICE MAHONEY is a sister of Decedent Engracia Swayne Figueroa.

3. Plaintiff GEORGE PORTER is a brother of Decedent Engracia Swayne Figueroa.

4. Defendant UNITED AIRLIENS, INC. is a Delaware corporation, with its principal place of business in Chicago, Illinois.

5. Plaintiffs are ignorant of the true names and capacities of fictitious DOES 1 through 50. Each of the defendants designated herein as a DOE is legally responsible for, and/or directly, legally and proximately caused injury and damages to the decedent and the Plaintiffs as alleged herein. Plaintiffs reserve the right to amend this complaint once the identity of any of these DOE defendants is ascertained.

6. At all relevant times, each of the defendants was the agent, employee, servant, representative, and/or alter ago of the remaining defendants, and acted or omitted to act within the purpose and scope of such agency, employment or other relationship. The misconduct alleged herein of each of the defendants was committed by and through their officers, directors, and/or managing agents and/or employees, and/or was authorized and/or ratified by their officers, directors, and/or managing agents and/or employees.

## COMMON ALLEGATIONS

7. On July 14, 2021, Decedent Engracia Swayne Figueroa ("ENGRACIA" or "DECEDENT") was on a UNITED AIRLINES ("UNITED" or "DEFENDANT") flight 632

from Washington Dulles International Airport (IAD) to Los Angeles International Airport (LAX).

8. In 1992, ENGRACIA was hit by a BART train, leaving her with incomplete paraplegia and her left leg amputated above-the-knee, requiring her to use a wheelchair for mobility. Because of ENGRACIA was 4'9, an incomplete quadriplegic, and an amputee, she required a customized motorized wheelchair specially fitted for her body size and with an extension for her leg to be elevated.

9. In July 2021, ENGRACIA travelled to Washington D.C. to lobby Congress to pass regulations addressing the difficult working conditions for those who provide care to the disabled. On her return flight with UNITED, she was required to check her motorized wheelchair. When she landed at LAX, her motorized wheelchair was returned to her in a severely damaged state and was inoperable.

10. ENGRACIA was forced to sit in the non-motorized courtesy wheelchair that the airport uses to assist passengers deboarding planes for several hours. During her extended stay in this wheelchair, a pressure sore on ENGRACIA's right buttock that had been healing was opened, and ENGRACIA started developing muscle cramps and spasms from sitting in the awkward position without proper support.

11. Because there was significant damage to the wheelchair, including the motor and battery, ENGRACIA's wheelchair was unusable. A damaged motorized wheelchair poses an extraordinary safety risk. Motorized wheelchairs have large batteries that contain highly flammable materials, and can catch fire. Obviously, those who are confined to wheelchairs are unable to escape from their flaming wheelchairs and absent rescue, will burn to death if their wheelchair catches fire. ENGRACIA lived alone, and therefore could not risk using a wheelchair that had experienced battery damage. ENGRACIA, therefore, requested that the wheelchair be replaced with an undamaged wheelchair. UNITED refused, insisting that she accept the repaired chair regardless of the risk ENGRACIA would burn to death in the chair.

12. ENGRACIA was provided a "loaner" wheelchair while she tried to get UNITED to replace her damaged chair. The loaner wheelchair was not customized for ENGRACIA and

did not have the appropriate extension for the leg to be elevated.

13. UNITED repeatedly refused to provide a replacement chair. ENGRACIA thereafter contacted the office of Senator Tammy Duckworth, who is herself an amputee who has had a wheelchair destroyed by an airline. Senator Duckworth's staff had ENGRACIA prepare a complaint to the FAA, and contacted the office of Senator Alex Padilla, who was ENGRACIA's home state senator. After Senator Padilla's office got involved, on August 20, 2021, UNITED told ENGRACIA that they would now agree to replace the broken wheelchair. Due to the requirement that the wheelchair be customized to fit ENGRACIA, it would take some time for the wheelchair to actually be delivered.

14. Unfortunately, during the 37 days when UNITED was refusing to provide a replacement chair, ENGRACIA's condition deteriorated rapidly. The pressure sore further opened up as a direct result of ENGRACIA sitting on a chair not customized for her and lacking proper extension for her leg. She also began experiencing cramps and pain in her upper body as a result of sitting in the wheelchair without proper support.

15. On July 29, 2021, ENGRACIA went to the emergency room at Cedars-Sinai due to the pain in her upper body from sitting awkwardly. She was admitted to the hospital for observation and testing. She was noted to have developed a recent large hip joint effusion with fluid extending towards the pressure sore on her right buttocks. She was released on August 2, 2021, after it was confirmed that she had no broken bones and had not developed an embolism.

16. Upon returning home, and still with the non-customized loaner chair, ENGRACIA continued to deteriorate. Her pressure sore became deeper and started having clear signs of infection. ENGRACIA felt constantly ill and unable to eat due to the combination of pain and symptoms of the infection.

17. At the end of August, ENGRACIA was again admitted to the hospital for gastro-intestinal issues caused by her inability to eat and worsening of the pressure sore. At that point, ENGRACIA was given a skin graft to try and treat the pressure sore. The prescribed course of treatment required weekly skin grafts for nearly a year, and would require ENGRACIA to be bed bound for about 6 months.

18. ENGRACIA finally received her replacement wheelchair on or about October 2, 2021, two and a half months after the prior chair was damaged. However, the chair was provided without the needed extension for ENGRACIA's leg.

19. The graft procedures were not working as well as hoped, and by October 16, 2021, ENGRACIA was readmitted to Cedars-Sinai, and would not leave alive.

20. Upon admission, ENGRACIA was septic due to the infection. Imaging revealed that the right hip bone had begun eroding since her prior films 2 months earlier. It was determined that she needed a girdlestone procedure, which involves the surgeon opening up the hip and scraping any infected tissue and bone away. However, they were unable to perform the procedure because ENGRACIA's vitals were too low, and the anesthesiologist aborted the procedure.

21. After a week, ENGRACIA's vitals stabilized, and they were able to perform the girdlestone procedure on October 23, 2021. ENGRACIA was then scheduled for a procedure to evaluate her gastro-intestinal problems that were preventing her from eating. Again, this procedure was delayed while ENGARCIA's vitals were too low. However, on October 31, 2021, ENGRACIA passed away.

## FIRST CAUSE OF ACTION

### (General Negligence)

22. As a separate and distinct First Cause of Action, Plaintiffs make the following allegations against UNITED AIRLINES, INC. and DOES 1 to 50:

23. UNITED, and DOES 1 to 50, owed a duty of care to ENGRACIA to take reasonable precautions to protect the condition of her wheelchair, and to replace her wheelchair promptly if they damage or destroy that wheelchair.

24. UNITED, and DOES 1 to 50, breached the duty of care to ENGRACIA to take reasonable precautions to protect the condition of her wheelchair, and to replace her wheelchair promptly if they damage or destroy that wheelchair.

25. As a direct and proximate result of the negligence of UNITED, and DOES 1 to 50, ENGRACIA suffered physical injury that directly led to her death.

26. As a direct and proximate result of the negligence of UNITED, and DOES 1 to 50, ENGRACIA suffered severe pain and emotional distress. ENGRACIA had spent decades learning to adjust to life as a quadriplegic, and worked tirelessly to become independent in living. When she was told that she would require a year of painful skin grafts, with 6 months of bed rest, which would leave her body atrophied and weak, requiring rehab to start over, it was mentally and emotionally devastating. Following this diagnosis, ENGRACIA became depressed and withdrawn, and it became clear that she lost hope. Her body just gave out shortly after, having lost the will to fight.

27. As a direct and proximate result of the negligence of UNITED, and DOES 1 to 50, Plaintiffs SANDRA PORTER, LETTICE MAHONEY, and GEORGE PORTER, have suffered pecuniary damages, including but not limited to loss of economic benefit and loss of ENGRACIA's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on each cause of action pled in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows, but in amounts to be shown according to proof at trial:

(1) For damages for survival personal injury and wrongful death;

(2) For damages for wrongful death;

(3) For costs incurred; and

(4) For such other and further relief as the Court deems proper.

Dated: July 26, 2022

_____
Joshua S. Markowitz

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua S. Markowitz (SBN: 224256)<br>Carcione, Henderson & Markowitz, LLP<br>477 Ninth Avenue, Suite 101, San Mateo, CA 94402<br>TELEPHONE NO.: (650) 367-6811  FAX NO. (Optional): (650) 367-0367<br>ATTORNEY FOR (Name): Plaintiffs: Sandra Porter, Lettice Mahoney & George Porter | CM-010<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>07/27/2022 at 10:37:21 AM<br>By: Cheryl Clark,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA 94612
BRANCH NAME: RENE C. DAVIDSON COURTHOUSE

CASE NAME:
PORTER, et al. vs. UNITED AIRLINES, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22CV015090<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1) General Negligence
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 07/26/2022

Joshua S. Markowitz
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 07/27/2022 Chad Finke, Executive Officer/Clerk of the Court By: _____ Deputy C. Clark |
| PLAINTIFF(S): Sandra Porter et al | |
| DEFENDANT(S): United Airlines, Inc. | |
| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 22CV015090 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Richard Seabolt
DEPARTMENT: 20
LOCATION: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER: (510) 267-6936
FAX NUMBER:
EMAIL ADDRESS: Dept20@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Richard Seabolt
DEPARTMENT 20

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By *[signature]*

C. Clark, Deputy Clerk

ACSC (Rev. 10/21)

**NOTICE OF CASE ASSIGNMENT**

Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED<br>Superior Court of California<br>County of Alameda<br>07/27/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>C. Clark |
| PLAINTIFF:<br>Sandra Porter et al | |
| DEFENDANT:<br>United Airlines, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>22CV015090 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/12/2022   Time: 3:00 PM   Dept.: 20
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/27/2022<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>C. Clark |
| PLAINTIFF/PETITIONER:<br>Sandra Porter et al | |
| DEFENDANT/RESPONDENT:<br>United Airlines, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV015090 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Joshua Markowitz
Carcione, Henderson & Markowitz, LLC
477 Ninth Avenue Suite 101
San Mateo, CA 94402

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/27/2022         By:

C. Clark, Deputy Clerk

CERTIFICATE OF MAILING