Richard A. Lazenby (State Bar No. 202105)
Email: rlazenby@victorrane.com
Michael Cutler (State Bar No. 298875)
Email: mcutler@victorrane.com
Jacqueline D. DeWarr (State Bar No. 207265)
Email: jdewarr@victorrane.com
VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849
Facsimile: (310) 388-4869

Attorneys for Defendant
UNITED AIRLINES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA PORTER, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF ENGRACIA SWAYNE FIGUEROA, DECEASED; LETTICE MAHONEY; GEORGE PORTER, LaJUANA A. REID, <br><br>Plaintiffs, <br><br>vs. <br><br>UNITED AIRLINES, INC., and DOES 1 TO 50, INCLUSIVE, <br><br>Defendants. | Case No.: 3:22-cv-04886-AGT <br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF UNITED AIRLINES, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

Defendant United Airlines, Inc. (hereinafter, "United"), by and through its attorneys of record at Victor Rane, hereby answers Plaintiffs Sandra Porter, Individually and as Successor in Interest of Engracia Swayne Figueroa, Deceased; Lettice Mahoney; George Porter; and LaJuana A. Reid's (hereinafter, "Plaintiffs") First Amended Complaint (hereinafter "Complaint") as follows:

/ /

/ /

/ /

/ /

## AS TO "PARTIES AND JURISDICTION"

1. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 through 4 of the Complaint, and on that basis, denies the allegations.

2. United admits the allegations in paragraph 5 of the Complaint.

3. The allegations in paragraphs 6 and 7 of the Complaint are not directed to United and do not require a response by United. To the extent that a response is required, United lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, on this basis, denies them.

## AS TO "COMMON ALLEGATIONS"

4. United admits the allegations in paragraph 8 of the Complaint.

5. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 the Complaint and, on that basis, denies the allegations.

6. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint concerning Engracia Swayne Figueroa's (hereinafter, "Ms. Figueroa" or "Decedent") travel purpose, and on that basis, denies them. United denies the rest of the allegations in paragraph 10 of the Complaint, except that United admits that Ms. Figueroa was required to check her motorized wheelchair on her return flight with United on July 14, 2021, and that it was in a damaged state when it was returned to her at Los Angeles International Airport ("LAX").

7. United denies the allegations in paragraph 11 of the Complaint, except that United admits that Ms. Figueroa was provided with a non-motorized courtesy wheelchair as she waited at LAX to receive a motorized loaner wheelchair comparable to her damaged wheelchair. United states that Ms. Figueroa was promptly offered a comparable motorized loaner wheelchair from a United vendor, but Ms. Figueroa declined the offer and chose to use her preferred wheelchair vendor located in Sherman Oaks, California ("Preferred Vendor"). United is informed and believes that Ms. Figueroa worked with the Preferred Vendor to locate a

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

comparable motorized loaner wheelchair, but that it took some time for the Preferred Vendor to locate a loaner wheelchair that was acceptable to Ms. Figueroa. United is informed and believes that after locating a wheelchair acceptable to Ms. Figueroa, the Preferred Vendor traveled an hour and a half outside of LAX to acquire the wheelchair, and then brought it to LAX. United is informed and believes that Ms. Figueroa's wait time at the airport would have been significantly reduced had she agreed to use a comparable motorized loaner wheelchair from United's vendor instead of her Preferred Vendor. United states that United treated Ms. Figueroa with dignity, respect, and empathy, during the incident and thereafter, providing her choice of food and drink and remaining with her for the approximately 4.5 hours required to provide her with a loaner wheelchair comparable to her damaged chair, from a non-United vendor she designated. United is informed and believes that at one point during an interaction with a United agent at the airport, Ms. Figueroa mentioned that the plastic armrest on the airport wheelchair wobbled and caused her some discomfort. The agent asked if she would like to be moved to a different chair, and Ms. Figueroa declined. United is also informed and believes that although Ms. Figueroa was understandably disappointed that her wheelchair had been damaged, she appeared satisfied during the incident that her needs were being addressed. Before Ms. Figueroa left with the Preferred Vendor, she thanked and requested a hug from the agent and another United employee for their assistance throughout the afternoon.

8. United denies the allegations in paragraph 12 of the Complaint. After completing its inspection of the damaged wheelchair, Ms. Figueroa's Preferred Vendor indicated that it could fully-repair it and commenced making the repairs. United is informed and believes that the repair of the wheelchair was complete on July 21, 2021, *i.e.,* seven days from her arrival at LAX, but Ms. Figueroa's Preferred Vendor received no response from her to its repeated attempts to schedule delivery of the repaired wheelchair. On July 23, 2021, Ms. Figueroa's attorney advised that the repaired wheelchair was unacceptable. United is informed and believes that neither Ms. Figueroa nor her attorney examined the repaired wheelchair before rejecting it. United is informed and believes that Ms. Figueroa's wheelchair did not sustain any damage to the motor or battery, which was confirmed by her Preferred Vendor, and that there was no risk of

fire or any other damage or injury from using the repaired wheelchair. However, instead of accepting the fully-repaired and operational wheelchair that was ready on July 21, 2021, Ms. Figueroa and her counsel declined to accept its delivery until August 31, 2021, at which point they accepted it "as is" and without any inspection.

9. United denies the allegations in paragraph 13 of the Complaint, except that United admits that Ms. Figueroa requested and received a loaner wheelchair of her choice from her Preferred Vendor, with whom she was communicating directly. United had no control over Ms. Figueroa's choice of a loaner wheelchair. However, United is informed and believes that the loaner wheelchair was substantially comparable to Ms. Figueroa's wheelchair, which did not include a leg extension, either. United is informed and believes that Ms. Figueroa chose to continue using the loaner wheelchair even after she was informed by her Preferred Vendor that her motorized wheelchair was fully-repaired and ready for delivery to her a week after the flight, and that Ms. Figueroa and her counsel unnecessarily delayed the delivery of the repaired wheelchair until August 31, 2021.

10. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint concerning Ms. Figueroa interactions with third parties, and on that basis, denies them. United denies the rest of the allegations in paragraph 14 of the Complaint, except that United admits that a new customized wheelchair would take time to be delivered. United states that it exceeded its duty to Ms. Figueroa by agreeing to provide her with a new wheelchair, which was not warranted, because her Preferred Vendor fully-repaired her original wheelchair within seven (7) days after the flight.

11. United denies the allegations in paragraph 15 of the Complaint. United states that Ms. Figueroa refused to accept, or even inspect, a safe and fully-repaired wheelchair from her Preferred Vendor, which was ready a week after the flight, but Ms. Figueroa and her counsel delayed its delivery for forty-one (41) days, until August 31, 2021.

12. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 16, 17, and 18 of the Complaint and, on this basis, denies the allegations.

13. United denies the allegations in paragraph 19 of the Complaint, except that United admits that the new wheelchair was delivered to Ms. Figueroa on or about October 2, 2021. United is informed and believes that Ms. Figueroa's original wheelchair did not have a leg extension, and there was no reason to believe that the new wheelchair needed a leg extension. United also states that Ms. Figueroa's safe and fully-repaired wheelchair was made available to her by her Preferred Vendor within a week after the flight, but she refused to accept it, or even inspect it.

14. United lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20, 21, and 22 of the Complaint, and on this basis, denies the allegations.

## AS TO "FIRST CAUSE OF ACTION FOR GENERAL NEGLIGENCE"

15. As to paragraph 23 of the Complaint, United repeats, reiterates, and re-alleges each and every answer contained in the foregoing paragraphs of this Answer, with the same force and effect as if set forth herein in full.

16. United denies the allegations in paragraphs 24 and 25 of the Complaint, except that United admits that United's duties to Ms. Figueroa under the circumstances here are governed by the applicable federal regulations and the contract of carriage.

17. United denies the allegations in paragraphs 26, 27, and 28 of the Complaint.

## AS TO "DEMAND FOR A JURY TRIAL"

18. United admits that Plaintiffs have timely demanded a jury trial.

## AS TO "PRAYER FOR RELIEF"

19. United denies that Plaintiffs are entitled to recover any damages, interest, costs, or other further relief from United.

/ /

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

# AFFIRMATIVE DEFENSES

20. In further answer to Plaintiffs' Complaint, United alleges the following separate and additional Affirmative Defenses. By alleging the Affirmative Defenses set forth below, United intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

21. Plaintiffs' Complaint is barred on the grounds that it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

22. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, including the Federal Aviation Act of 1958, as amended (Pub. L. No. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq., now recodified and incorporated into 49 U.S.C. § 40101 et seq.), and the provisions of the corresponding regulations promulgated by the Federal Aviation Administration.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

23. Plaintiffs' claims and alleged damages are further limited, excluded and/or preempted by federal law, including the Airline Deregulation Act of 1978, Pub. L. No. 95-504, 92 Stat. 1705 (codified as amended at 49 U.S.C. §§ 40101-44310 (1994)).

/ /

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

24. Plaintiffs' claims and alleged damages are limited, excluded and/or preempted by federal law, Air Carrier Access Act, 49 U.S.C. § 41705, and the implementing regulations promulgated by the Department of Transportation, 14 C.F.R. Part 382, et seq.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

25. Plaintiffs' Complaint and each and every cause of action alleged in Plaintiffs' Complaint are barred, in whole or in part, because United's conduct was in conformity with and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

26. United's liability, if any, with respect to Plaintiffs' alleged damages is further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

27. The incident alleged in the Complaint, and the injuries and damages Plaintiffs allege were sustained, were caused by intervening and superseding causes and were not proximately caused by any act or omission on the part of United.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

28. The incident alleged in Plaintiffs' Complaint, and the damages Plaintiff allegedly

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than United; however, in the event that a finding is made that negligence exists on the part of United, which proximately contributed to the damages alleged in Plaintiffs' Complaint, United's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and the damages upon which Plaintiff seeks recovery.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

29. Plaintiffs' damages, if any, are due to the acts or omissions of persons or entities other than United; however, in the event a finding is made that liability exists on the part of United, United is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

30. At all times mentioned in the Complaint, Decedent having actual knowledge of all of the circumstances and particular dangers and an appreciation of the risks involved, if any, and the magnitude thereof, proceeded to encounter a known risk, and voluntarily assumed the risks of the injury and damages alleged in the Complaint, if any, barring or reducing Plaintiffs' claim for damages herein.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

31. Plaintiffs' damages, if any, should be barred or limited as a result of the failure of Decedent to take reasonable steps to mitigate her damages.

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

32. If Decedent and/or Plaintiffs have received remuneration or compensation for some or all of their claimed economic losses, United is entitled to have Plaintiffs' awards, if any, reduced by the amount of said remuneration or compensation.

## THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

33. Pursuant to the provisions of California Civil Code § 1431.2, United's liability, if any, for Decedent's and Plaintiffs' alleged non-economic damages shall be several only and not joint, and United shall be liable only for the amount of non-economic damages allocated to it in direct proportion to its percentage of fault.

## FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

34. The survival action fails because Decedent's successor in interest has failed to comply with the requirements of California Code of Civil Procedure Section 377.32(a).

## FIFTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

35. Plaintiffs' wrongful death claims fail to the extent persons or entities other than plaintiffs hold the exclusive right(s) to bring pursue claims arising from Decedent's death.

## SIXTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

36. The Complaint is deficient to the extent plaintiffs have failed to join certain indispensable parties as required by California Code of Civil Procedure §§ 389(a)-(d).

/ /

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849

## ADDITIONAL AFFIRMATIVE DEFENSES

37. United presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. United reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, United prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That United be awarded costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

## REQUEST FOR JURY TRIAL

United hereby requests a trial by jury in this action.

Dated: September 2, 2022

Respectfully submitted

By: _____
Richard A. Lazenby
Michael Cutler
Jacqueline D. DeWarr
VICTOR RANE
Attorneys for Defendant
UNITED AIRLINES, INC.

Victor Rane
9350 Wilshire Blvd., Suite 308
Beverly Hills, CA 90212
Telephone: (310) 388-4849