1  Richard A. Lazenby (State Bar No. 202105)
   Email: rlazenby@victorrane.com
2  Michael Cutler (State Bar No. 298875)
   Email: mcutler@victorrane.com
3  Jacqueline D. DeWarr (State Bar No. 207265)
   Email: jdewarr@victorrane.com
4  VICTOR RANE
   9350 Wilshire Blvd., Suite 308
5  Beverly Hills, California 90212
   Telephone: (310) 388-4849
6  Facsimile: (310) 388-4869
   Attorneys for Defendant
7  UNITED AIRLINES, INC.

8  Joshua J.K. Henderson (State Bar No. 248366)
   Joshua S. Markowitz (State Bar No. 224256)
9  Email: info@chmlawfirm.com
   Carcione, Henderson & Markowitz, LLP
10 477 Ninth Avenue, Suite 101
   San Mateo, California, 94402
11 Telephone: (650) 367-6811
   Facsimile: (650) 367-0367
12 Attorneys for Plaintiffs
   Sandra Porter, Individually and as Successor of
13 Engracia Swayne Figueroa; Lettice Mahoney;
   George Porter; and LaJuana A. Reid

14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| SANDRA PORTER, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF ENGRACIA SWAYNE FIGUEROA, DECEASED; LETTICE MAHONEY; GEORGE PORTER, LaJUANA A. REID, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED AIRLINES, INC., and DOES 1 TO 50, INCLUSIVE, <br><br> Defendants. | Case No.: 3:22-cv-04886-AMO <br><br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

25      Defendant United Airlines, Inc. ("United"), by and through its attorneys of record, Victor

26 Rane, and Plaintiffs Sandra Porter, Individually and as Successor of Engracia Swayne Figueroa;

27 Lettice Mahoney; George Porter; and LaJuana A. Reid ("Plaintiffs"), by and through their

28 attorneys of record, Carcione, Henderson & Markowitz, LLP, jointly submit this JOINT CASE

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 and the Order Reassigning Case (Dkt. 18) dated May 10, 2023:

**1.** **<u>JURISDICTION AND SERVICE</u>**

The Court has subject matter jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. There are currently no issues regarding personal jurisdiction or venue.

**2.** **<u>FACTS</u>**

<u>Plaintiff's Allegations</u>:

This is a civil wrongful death and personal injury survival action based on a sole cause of action for negligence, by Plaintiffs, who are the siblings of Engracia Swayne Figueroa ("Decedent"). Plaintiffs allege that on July 14, 2021, Decedent's custom wheelchair arrived at Los Angeles International Airport ("LAX") on a United flight, having been damaged while in cargo transit. Plaintiffs allege that Decedent waited 4-5 hours at LAX for her preferred wheelchair vendor to arrive with a loaner wheelchair and transport her home. Plaintiffs further allege that while waiting at LAX for the loaner wheelchair, Decedent's healing pressure sore opened. Decedent never recovered from the opening of that pressure sore, and ultimately died on October 31, 2021.

<u>United's Position</u>:

United disputes Plaintiffs' liability and damages claims. United states that upon arrival at LAX, Decedent's custom wheelchair appeared damaged. United disputes that any act or omission of United was the proximate cause of Decedent's injuries or death. United closely attended to Decedent at LAX after the flight and offered to reseat her from the courtesy chair, which she declined. Decedent's wheelchair was repaired within seven days of the flight by July 21, 2021, however, Decedent refused to either inspect or accept her repaired custom wheelchair until August 31, 2021. United complied with the applicable standard of care, including federal law and the contract of carriage by paying for the repair of Decedent's wheelchair by her

preferred vendor.

## 3. LEGAL ISSUES

Defendant United contends the principal legal issues are whether and to what extent the Federal Aviation Act and associated federal regulations and the applicable contract of carriage preempt Plaintiffs' claims, and whether and to what extent United can be liable for the death of Decedent, when there is no factual support to show that United any act or omission of United was the proximate cause of Decedent's death.

Plaintiffs assert that under well-established Ninth Circuit case law there is no preemption under the FAA for any of Plaintiffs' claims. See, e.g., *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995 (9th Cir. 2013). Plaintiffs further contend that Decedent's physicians have already confirmed that the fatal infection was caused by the loss of the use of Decedent's wheelchair and use of the inadequate "loaner" chair.

## 4. MOTIONS

No motions are currently pending with the Court. The parties reserve the right to file appropriate motions, including dispositive motions, at a later stage.

## 5. AMENDMENT OF PLEADINGS

No amendments or dismissals of any party, claim or defense are presently pending. The prior court-ordered deadline of December 20, 2022 for the filing of any motion to amend the pleadings has passed.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## 7. DISCLOSURES

The parties made their initial disclosures in December 2022.

## 8. DISCOVERY

The parties previously agreed on the following discovery plan:

---

a.    <u>Initial Disclosures</u>:  The parties have made their initial disclosures by December 15, 2022.

b.    <u>Subjects of Discovery/Phases and Modifications of Discovery Rules</u>:  The parties do not propose to conduct discovery in phases or to modify the discovery rules.

c.    <u>Issues Related to Electronically Stored Information</u>:  The parties do not anticipate any issues related to electronically stored information.

d.    <u>Issues Related to Claims of Privilege or of Protection as Trial-Preparation Materials</u>:  The parties agree to follow the Federal Rules concerning all claims for privilege.  The parties will work together to reach agreement on a stipulated protective order, which will be submitted to the Court.

e.    <u>Changes in the Limitations on Discovery</u>:  None.

The parties anticipate conducting the following discovery:

Plaintiffs:

Written discovery and depositions related to Defendant's policies and procedures for the care and transportation of wheelchairs and other mobile devices;

Written discovery and depositions related to Defendant's policies and procedures for the repair and replacement of wheelchairs and other mobile devices when damaged during transport;

Written discovery and depositions related to other incidents where Defendant has damaged wheelchairs and other mobile devices during transportation.

Defendant United Airlines:

Written discovery to Plaintiffs, including interrogatories, requests for admission, and requests for production of documents has been completed;

Subpoenas to third parties, requesting Decedent's medical and billing records related to the claimed personal injury survival damages has been substantially completed;

Plaintiffs' depositions have been completed, depositions of Decedent's physicians and other third parties have yet to be completed.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

No discovery disputes have been identified or are anticipated at this time.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

The parties are not aware of any related cases or proceedings.

**11.    RELIEF**

Plaintiffs bring wrongful death claims as individual plaintiffs under Code of Civil Procedure § 377.60, as well survival claims as successors in interest to Decedent under Code of Civil Procedure § 377.30.  Accordingly, they seek damages for loss of consortium as wrongful death damages, and for the pain and suffering Decedent suffered prior to death.

United reserves its right to seek indemnity and/or contribution. If liability is established at trial, United is entitled to a determination by the jury regarding United's percentage of liability and the breakdown between economic and noneconomic damages.

**12.    SETTLEMENT AND ADR**

Plaintiffs made an informal settlement demand on April 28, 2023. There have not been any informal or formal settlement offers to date. The parties have complied with ADR L.R. 3-5 by meeting and conferring regarding ADR and filing their respective ADR Certifications.  The parties prefer private mediation and will comply with the court ordered completion date of January 31, 2024.

**13.    OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    NARROWING OF ISSUES**

At this time, the parties are not requesting bifurcation of any issues, claims or defenses. This is not a complex case and implementation of procedures to expedite the presentation of evidence at trial should not be necessary.

**15.    EXPEDITED TRIAL PROCEDURE**

The parties agree that this is not a case that can be handled under the Expedited Trial

Procedure of General Order No. 64 Attachment A.

**16.** **<u>SCHEDULING</u>**

The parties previously proposed a schedule, and the following has been ordered:

| Deadline | Date |
|---|---|
| Trial | September 23, 2024 |
| Pretrial Conference | August 30, 2024 |
| Last Day to Hear Dispositive Motions | June 20, 2024 |
| Expert Discovery Cutoff Date | April 15, 2024 |
| Opposition Expert Disclosures | March 1, 2024 |
| Affirmative Expert Disclosures[1] | February 1, 2024 |
| Fact Discovery Cutoff Date | December 29, 2023 |

**17.** **<u>TRIAL</u>**

The parties request a jury trial, with an estimate of 5 days.

**18.** **<u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>**

**A.** **<u>Plaintiffs' Statement</u>**

Plaintiffs are not aware of any interested parties.

**B.** **<u>Defendant's Statement</u>**

United Airlines has filed its certification of interested parties or persons. In the

certification, United stated:

Pursuant to Local Rule 3-15 the undersigned certifies that the following listed persons,

associations of persons, firms, partnerships, corporations (including parent corporations) or other

entities (i) have a financial interest in the subject matter in controversy or in a party to the

proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

substantially affected by the outcome of this proceeding:

1. United Airlines, Inc.;

2. United Airlines Holdings, Inc.; and

---

[1] Affirmative expert disclosures and reports as to any issue on which a party has the burden of proof.

VICTOR RANE
9350 Wilshire Blvd., Suite 308
Beverly Hills, California 90212
Telephone: (310) 388-4849

1    3. Various underwriters in the aviation insurance market.

2    **19.    PROFESSIONAL CONDUCT**

3    All attorneys of record for Defendant have reviewed the Guidelines for Professional

4    Conduct for the Northern District of California.

5    **20.    OTHER MATTERS**

6    At this time, the parties are unaware of any such other matters for the Court to consider.

7    Jointly submitted,

8

9    Dated: _May 31, 2023_            /s/ Joshua S. Markowitz
                                      Joshua J.K. Henderson
                                      Joshua S. Markowitz
10                                    Attorneys for Plaintiffs Sandra Porter,
                                      Individually and as Successor of Engracia
11                                    Swayne Figueroa; Lettice Mahoney; George
                                      Porter; and LaJuana A. Reid
12

13

14   Dated: _May 31, 2023_            /s/ Jacqueline D. DeWarr
                                      Richard A. Lazenby
15                                    Michael Cutler
                                      Jacqueline D. DeWarr
16                                    VICTOR RANE
                                      Attorneys for Defendant
17                                    United airlines, inc.

18

19                          CASE MANAGEMENT ORDER

20   The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED

21   ORDER is approved as the Case Management Order for this case and all parties

22   shall comply with its provisions.

23

24   IT IS SO ORDERED.

25   Dated:                   _____
                                      UNITED STATES DISTRICT JUDGE
26

27

28